ELMER W. LINCOLN *vs.* EDGAR V. F. McCRILLIS *et al.*

MAY 6, 1937.

PRESENT: Moss, Capotosto, Baker, and Condon, JJ.

PER CURIAM. This is a petition filed in this court by Elmer W. Lincoln of Wallingford, Connecticut, for leave to file a claim of appeal and reasons of appeal from a decree of the probate court of the city of Warwick in this state admitting to probate a certain instrument as the last will and testament of John O. Lincoln, the father of the petitioner, and appointing the respondent Edgar V. F. McCrillis as executor.

The petition is based on general laws, 1923, chapter 347, sec. 3, the pertinent parts of which are as follows: "When any person is aggrieved by any order, decree . . . of any probate court, . . . and from accident, mistake, unforeseen cause, or lack of evidence newly discovered, has failed to claim or prosecute his appeal, . . . the supreme court, if it appears that justice requires a revision of the case, may, upon petition filed within one year after the entry of such order, decree . . . allow an appeal to be taken and prosecuted . . . upon such terms and conditions as the court may prescribe."

The petition is verified on oath by the petitioner and states that six days before the decree was entered he retained as his attorney a certain competent and experienced member of the Rhode Island bar, who represented him at the hearing in the probate court, which resulted in the entry of the decree. From an uncontradicted statement in a counteraffidavit by this attorney, it appears that the petitioner was present with him at the hearing.

The petition also states that on the same day, after the hearing, the petitioner had a conference with the attorney, in which the petitioner requested the attorney to claim an

appeal from the decree, and the latter promised to do so and explained to the petitioner that he had forty days in which to file the claim of appeal and ten days more in which to file the appeal and reasons of appeal. The attorney, in the counteraffidavit, agrees that this explanation was made but states that he advised the petitioner against taking an appeal and told him that if he wanted to take an appeal he would have to employ another attorney.

The petition also shows that on the thirty-fifth day after the entry of the decree, the petitioner, not having heard from the attorney, wrote him about the matter and on the thirty-eighth day received a reply. But the letters themselves, which have been filed with us in the cause, show that in neither of them was the matter of taking an appeal mentioned. In the former one the petitioner simply said that there was no question but that the will could be broken, but that he had not received any encouraging report about the estate and he asked the attorney if the matter, which would require much work, was worth the attorney's time for the amount involved. The latter's reply was, in substance, that in the estate there was "not enough to warrant litigation"; and that if the petitioner decided otherwise he should get other counsel.

The same day the petitioner sent an answer, in which he simply said that he agreed with the attorney and was free to decide what he would do. The same day he also sent a letter to the clerk of the probate court, but what that letter contained has not been shown to us. The clerk's reply, dated the next day, and filed with us by the petitioner, was received by the petitioner at 9 o'clock a. m. on the fortieth day after the entry of the decree. It informed him that no appeal had been filed and that the time for appealing would expire on the day after the date of the letter. It also referred to previous letters from the petitioner in the matter of the estate.

The petition states that this was the first information the petitioner received that no appeal had been filed by the

attorney; that he immediately left Wallingford for Rhode Island, but arrived too late to get his claim of appeal filed on that day; that having been and being desirous of claiming and perfecting an appeal, and having lost his chance to claim it, through no fault of his own, but through accident, misfortune and mistake, he files his petition in this court and asserts that his father was not of testamentary capacity, when the probated instrument was executed.

There is nothing to show to what place he went in Rhode Island to attend to the filing of a claim of appeal on the last day, or when he arrived there, or why he did not arrive sooner, or what he did or tried to do after he arrived. It ordinarily need not take more than a few hours to go from Wallingford, Connecticut, to the office, in Apponaug in this state, of the city clerk, who is also the clerk of the probate court. It appears from an uncontradicted statement in the counteraffidavit that he never complained to the above attorney that the latter had promised to take an appeal and had failed to do so. There is nothing to show that he consulted any other attorney for months after the expiration of the statutory period for filing a claim of appeal. The above letters show that, only a very few days before, he was very much discouraged about making any further contest, and no reason is shown why he should have changed his mind so soon. He did not take any action to get the decision of the probate court reviewed for about eight months after the expiration of the statutory period for claiming an appeal.

It is true that he filed the present petition within the period of one year, allowed by the statutory provision under which he is now proceeding; but nevertheless his long and unexplained delay is an element which should be given considerable weight by us in deciding whether his petition should be granted.

Weighing all the evidence before us and following what we believe to be the sound principles and precedents which are applicable to this matter, it is our conclusion that jus-

tice does not require a revision of the action of the probate court in entering the decree from which the petitioner has asked leave to appeal.

The petition therefore is denied.

*Frank H. Wildes,* for petitioner.

*McCrillis & Koly, Edgar V. F. McCrillis, Uldrich Pettine,* for respondent.