LLOYD A. WHEELER *vs.* GEORGE R. COLE, *Ex.*

DECEMBER 23, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.    This petition is brought under the provisions of general laws 1923, chapter 347, sec. 3, for leave to file out of time a probate appeal on the ground that the failure to claim and prosecute such an appeal within the statutory time limit was occasioned by accident, mistake or unforeseen cause. The petitioner is the only brother and next of kin of Robert P. Wheeler, late of Warren, who died without issue on October 8, 1937; and the respondent is the duly appointed executor of the latter's will, which was allowed for probate according to a decree entered by the probate court of the town of Warren on November 26, 1937. No appeal from this decree was claimed by the petitioner within forty days, the period prescribed by G. L. 1923, chap. 362, section 1.

The petition contains numerous allegations chiefly addressed to the asserted lack of testamentary capacity of the testator and the execution of his will under undue influence. The other pertinent allegations set forth substantially that the petitioner never knew of the existence of the will, or of its probate, until some time after the expiration of the statutory period within which an appeal from the decree allowing it must have been claimed; and that he was prevented from filing and prosecuting a timely appeal by reliance upon certain misrepresentations of fact by the respondent and Amy R. Wheeler, the petitioner's stepmother.

Except for the petition itself, which was signed and sworn to by the petitioner, no evidence was presented to support any of the allegations thereof. On the other hand, the respondent has filed numerous affidavits of disinterested witnesses to facts which tend to establish the testamentary capacity of the testator and to show that he executed his will without any undue influence being exerted upon him. The respondent also has filed without objection certain other

affidavits referring to letters, written by or to the petitioner, tending to show that his failure to claim an appeal was not occasioned by accident, mistake, or unforeseen cause.

In our opinion, the evidence clearly establishes that the petitioner knew, *before* the statutory period for claiming an appeal had expired, that his brother left a will and that it had been allowed for probate by virtue of the decree entered in the probate court on November 26, 1937. The petitioner, according to his own letter to the town clerk, dated December 11, 1937, acknowledged receipt of a previous letter from the "Veterans' Administration of Providence", which specifically notified him that the will in question "had been allowed by the Probate Court on November 26th, 1937" and also that he would "have forty days in which to appeal the decision from November 26, 1937." He was later informed substantially, on December 18, 1937, by a letter from the town clerk in answer to his previous inquiry, that the will in question had been probated and that he could obtain a copy thereof by forwarding the fee of $1.00. Since the statutory period within which he could have claimed an appeal did not expire until January 5, 1938, the petitioner, by his own admissions, had knowledge of the necessary facts, or at least the means of obtaining such information, and of the law governing the claiming of an appeal, in ample time to obtain legal counsel and to file and prosecute such an appeal, if desired.

No evidence supports his allegations of misrepresentation by the respondent or Amy R. Wheeler. The admissions in his own letters and the other facts in evidence are wholly inconsistent with his allegations in the petition that he was misled or mistaken. In our opinion, they show clearly that he had no intention of claiming an appeal from the allowance of the will, until some time *after* the statutory period for claiming such appeal had expired. Indeed, he had accepted advances from his share of the estate.

In our opinion, a careful consideration of all the evidence before us leads unmistakably to the conclusion that the petitioner's failure to claim an appeal was not occasioned by such unforeseen cause, accident or mistake of fact as is contemplated by the provisions of chap. 347, sec. 3. See *Lincoln* v. *McCrillis,* 191 A. 724 (R. I.); *Cook* v. *Greenlaw,* 58 R. I. 402, and cases cited.

For the reasons stated, the petition is denied and dismissed.

*Max Winograd, Marshall B. Marcus,* for petitioner.

*Charles H. Eden, John A. Kerns* (of Fall River), for respondent.